```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -
                                            08 CIV 7413
PEARSON EDUCATION, INC.,               :
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC. AND              :
THE MCGRAW-HILL COMPANIES, INC.,
                                       :
                    Plaintiffs,
                                       :
        -against-                              08 Civ.
                                       :
EDGAR BOBADILLA D/B/A BERGH D/B/A
LUIS BERGH D/B/A BERGH123 D/B/A        :
NEWBERGH123 D/B/A MATT OSBERT
AND JOHN DOES NOS. 1-5                 :

                    Defendants.        :

- - - - - - - - - - - - - - - - - - -x
```

"JUDGE DANIELS" (stamp)



COMPLAINT

Plaintiffs Pearson Education, Inc. ("Pearson"), John Wiley & Sons, Inc. ("Wiley"), Cengage Learning Inc. ("Cengage") and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by their undersigned attorneys, for their complaint against defendants Edgar Bobadilla d/b/a Bergh d/b/a Luis Bergh d/b/a Bergh123 d/b/a Newbergh123 d/b/a Matt Osbert and John Does Nos. 1-5, aver:

<u>Nature of the Action</u>

1. Plaintiffs are bringing this action to obtain legal and equitable relief to remedy defendants' infringement of plaintiffs' copyrights and trademarks through their sales of electronic copies of instructors' solutions manuals.

Jurisdiction and Venue

2. This Court has subject matter jurisdiction over the first three claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 et seq. or the Lanham Act, 15 U.S.C. § 1051 et seq. This Court has subject matter jurisdiction over the fourth claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

3. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

Parties

4. Pearson is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Lake Street, Upper Saddle River, New Jersey 07458.

5. Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

6. Cengage is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 200 First Stamford Place, 4th Floor, Stamford, Connecticut 06902.

7. McGraw-Hill is a corporation organized and existing under the laws of the State of New York with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

8. Upon information and belief, defendant Edgar Bobadilla is a natural person whose residence is currently unknown to plaintiffs.

9. Upon information and belief, defendants John Does Nos. 1-5 are natural persons whose identities are presently unknown to plaintiffs.

The Business of Plaintiffs

10. Each plaintiff publishes a variety of works, including educational books.

11. As a standard practice, each plaintiff requires its authors to assign the copyrights to them or grant them the exclusive rights of reproduction and distribution in the United States. This practice enables each plaintiff to maximize the dissemination of each work.

12. Plaintiffs invest significant monies to publish their copyrighted works. Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

13. Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and would suffer serious financial injury if their copyrights were not enforced. A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving books or journals. This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

14. An important part of plaintiffs' business is derived from publishing college textbooks. College professors select textbooks from competing publishers based on the pedagogical value and the quality of supplementary materials.

15. Instructors' solutions manuals are important supplementary materials. Professors use instructors' solutions manuals to aid in grading homework. Students, however, use instructors' solutions manuals to cheat. Professors are less likely to select a textbook if the instructors' solutions manuals are freely and/or widely available. Accordingly, plaintiffs do not sell their instructors' solutions manuals, and tightly control their distribution to known faculty.

<u>Plaintiffs' Copyrights and Trademarks</u>

16. Plaintiffs routinely register their copyrights. Pearson has generally registered its copyrights in its works, including those identified on Schedule A (the "Pearson Copyrights"). Wiley has generally registered its copyrights in

4

its works, including those identified on Schedule B (the "Wiley Copyrights"). Cengage has generally registered its copyrights in its works, including those identified on Schedule C (the "Cengage Copyrights"). McGraw-Hill has generally registered its copyrights in its works, including those identified on Schedule D (the "McGraw-Hill Copyrights").

17. Plaintiffs also own, themselves or through their parent or affiliate companies, trademarks that they use to differentiate their products from those of their competitors.

18. Pearson PLC, Pearson's ultimate parent company, is the owner of and Pearson is an exclusive licensee of, with the accompanying right and duty to protect and enforce Pearson's rights therein, the well-known trademarks "Pearson," "Pearson Education" and "Prentice Hall." Pearson is the direct holder of the well-known trademark "Benjamin Cummings." Pearson's affiliate corporation Addison Wesley Longman, Inc., is the owner of, and Pearson is the exclusive licensee of, with the accompanying right and duty to protect and enforce its and its affiliate company's rights therein, the well known trademarks "Addison Wesley" or "Addison-Wesley" (the "Pearson Trademarks"). The United States Registrations for the Pearson Trademarks are identified on Schedule E.

19. Among Wiley's well-known trademarks are "John Wiley & Sons," "Wiley," and the "John Wiley Colophon" (the "Wiley

Trademarks"). The United States Registrations for the Wiley Trademarks are identified on Schedule F.

20. Among McGraw-Hill's well-known trademarks are "McGraw Hill," "The McGraw-Hill Companies" and "Irwin" (the "McGraw-Hill Trademarks"). The United States Registrations for the McGraw-Hill Trademarks are identified on Schedule G.

## The Infringing Acts of Defendants

21. Defendants have without permission reproduced and sold copies of plaintiffs' works, including, upon information and belief, works containing the Pearson, Wiley or McGraw-Hill Trademarks. Specifically, defendants have reproduced and sold electronic copies of plaintiffs' instructors' solutions manuals through online sales at sites such as "Google Groups," "mathforum.org," "sparknotes.com," "sci.tech-archive.net," "Gunle.com," "www.mathkb.com," "studentdump.com," "talkabouteducation.com" and "rapidshare.com" using the usernames Bergh, Luis Bergh, Bergh123, Newbergh123 and Matt Osbert and the e-mail addresses newbergh123@yahoo.com, mattosbw1@gmail.com, and berghpayment@yahoo.com.

## FIRST CLAIM FOR RELIEF

(Copyright Infringement - 17 U.S.C. § 501)

22. Plaintiffs repeat the averments contained in paragraphs 1 through 21 as if set forth in full.

23. Pearson has received United States Certificates of Copyright Registration for the Pearson Copyrights.

24. Wiley has received United States Certificates of Copyright Registration for the Wiley Copyrights.

25. Cengage has received United States Certificates of Copyright Registration for the Cengage Copyrights.

26. McGraw-Hill has received United States Certificates of Copyright Registration for the McGraw-Hill Copyrights.

27. The Pearson, Wiley, Cengage and McGraw-Hill Copyrights are valid and enforceable.

28. Defendants have infringed the Pearson, Wiley, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

29. Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Pearson, Wiley, Cengage and McGraw-Hill Copyrights.

30. Defendants have willfully infringed the Pearson, Wiley, Cengage and McGraw-Hill Copyrights.

31. Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

SECOND CLAIM FOR RELIEF
(Trademark Infringement - 15 U.S.C. § 1114(a))

32. Plaintiffs repeat the averments contained in paragraphs 1 through 31 above as if set forth in full.

33. Pearson is the exclusive licensee of the Pearson Trademarks, with the accompanying right and duty to protect and enforce Pearson's rights therein. Pearson's licensor parent and affiliate companies have obtained numerous United States Trademark Registrations for the Pearson Trademarks.

34. Wiley owns the Wiley Trademarks, for which it has obtained numerous United States Trademark Registrations.

35. McGraw-Hill owns the McGraw-Hill Trademarks, for which it has obtained United States Trademark Registrations.

36. The Pearson, Wiley and McGraw-Hill Trademarks are valid and enforceable.

37. Defendants have infringed the Pearson, Wiley and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a) by using them, upon information and belief, on and/or in connection with the works that they have sold.

38. Defendants' acts complained of herein have irreparably damaged plaintiffs and may continue to do so. The damage to plaintiffs includes harm to their good-will and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson, Wiley and McGraw-Hill Trademarks or any colorable imitation of them.

39. Defendants have willfully infringed the Pearson, Wiley and McGraw-Hill Trademarks.

40. Plaintiffs are entitled to recover (1) defendants' profits from the infringing works, (2) plaintiffs' damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

<u>THIRD CLAIM FOR RELIEF</u>
(Trademark Counterfeiting - 15 U.S.C. § 1117)

41. Plaintiffs repeat the averments contained in paragraphs 1 through 40 above as if set forth in full.

42. In connection with the sale of their unlawfully reproduced instructors' solutions manuals, defendants have used, upon information and belief, counterfeits of the Pearson, Wiley and McGraw-Hill Trademarks.

43. Based upon defendants' use of the counterfeit marks in connection with the sale of the unlawfully reproduced works, plaintiffs are entitled to treble damages, and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c).

### FOURTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

44. Plaintiffs repeat the averments contained in paragraphs 1 through 43 above as if set forth in full.

45. Defendants' acts complained of herein have damaged and may continue to damage plaintiffs irreparably. The damage to plaintiffs includes harm to their goodwill and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson, Wiley and McGraw-Hill Trademarks or any colorable imitation of them, to restitution of defendants' ill-gotten gains, and to punitive damages in an amount to be determined by the trier of fact in this action.

WHEREFORE, plaintiffs demand judgment:

A. Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and

all those acting in concert with them from infringing the Pearson, Wiley, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501;

B. Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' willfull infringement of the Pearson, Wiley, Cengage and McGraw-Hill Copyrights;

C. Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson, Wiley and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a);

D. Awarding plaintiffs their damages and/or defendants' profits from their willful infringement and/or counterfeiting of the Pearson, Wiley and McGraw-Hill Trademarks pursuant to 15 U.S.C. § 1117(a);

E. Awarding plaintiffs treble damages, treble profits and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c);

F. Directing that defendants engage in such additional activities, including, but not limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage defendants have caused;

G. Awarding plaintiffs their costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C.

§ 505 and 15 U.S.C. § 1117;

    H.    Awarding plaintiffs punitive damages in an amount to be determined by the trier of fact in this action; and

    I.    Granting such other and further relief as to this Court seems just and proper.

Dated:  New York, New York
         August 21, 2008

                        DUNNEGAN LLC

                        By _____
                          William Dunnegan (WD 9316)
                          wd@dunnegan.com
                          Laura Scileppi (LS 0114)
                          ls@dunnegan.com
                        Attorneys for Plaintiffs
                          Pearson Education, Inc.,
                          John Wiley & Sons, Inc.,
                          Cengage Learning Inc. and
                          The McGraw-Hill Companies, Inc.
                      350 Fifth Avenue
                      New York, New York 10118
                      (212) 332-8300

Schedule A
"Pearson Copyrights"

<u>Title</u>     (<u>Date of Registration</u>)    (<u>Registration #</u>)

1. Manufacturing, Engineering and Technology (October 6, 2005)(TX-6-244-993)
2. Applied Mechanics for Engineering Technology (June 12, 2003)(TX-5-753-815)
3. Process Dynamics: Modeling, Analysis and Simulation (February 27, 1998)(TX-4-731-467)
4. Basic Principles and Calculations in Chemical Engineering (February 27, 2004)(TX-5-897-997)
5. Introduction to Transport Phenomena (October 20, 1999)(TX-5-070-479)
6. Statistics for Engineering and the Sciences (March 23, 1995)(TX-4-026-377)

Schedule B
"Wiley Copyrights"

<u>Title</u> <u>(Date of Registration)</u> <u>(Registration #)</u>

1. Advanced Mechanics of Materials, Sixth Edition (January 21, 2003) (TX-5-706-066)
2. Advanced Engineering Thermodynamics, Third Edition (February 9, 2007) (TX-6-514-835)
3. Advanced Topics in Finite Element Analysis of Structures: With Mathematics and MATLAB Computations (April 20, 2006) (TX-6-352-096)
4. Chemical, Biochemical and Engineering Thermodynamics, Fourth Edition (April 25, 2006) (TX-6-328-844)
5. Chemical Reaction Engineering, Third Edition (September 11, 1998) (TX-4-852-934)
6. Convection Heat Transfer, Third Edition (August 9, 2004) (TX-6-009-806)
7. Deformable Bodies and Their Material Behavior (February 27, 2004) (TX-5-922-682)
8. Elementary Principles of Chemical Processes, Third Edition (February 17, 2005) (TX-6-116-656)
9. Engineering and Chemical Thermodynamics (January 10, 2006) (TX-6-301-979)
10. Energy Principles and Variational Methods in Applied Mechanics, Second Edition (October 22, 2002) (TX-5-665-522)
11. Fundamentals of Fluid Mechanics (October 14, 2003) (TX-5-811-029)
12. Fundamentals of Heat and Mass Transfer, Fifth Edition (October 25, 2001) (TX-5-457-784)
13. Fundamentals of Heat and Mass Transfer, Sixth Edition (July 28, 2006) (TX-6-410-153)
14. Fundamentals of Machine Component Design, Third Edition (March 27, 2003) (TX-5-752-683)
15. Fundamentals of Machine Component Design, Fourth Edition (September 8, 2005) (TX-6-213-219)
16. Fundamentals of Momentum, Heat and Mass Transfer, Fourth Edition (January 2, 2001) (TX-5-319-861)
17. Hydraulic Control Systems (May 23, 2005) (TX-6-169-858)
18. Internal Combustion Engines, Second Edition (January 22, 2001) (TX-5-332-515)
19. Introduction to Heat Transfer, Fourth Edition (April 7, 2004) (TX-5-951-039)
20. Introduction to Heat Transfer, Fifth Edition (August 14, 2006) (TX-6-407-668)

21. Kinematics, Dynamics and Design of Machinery, Second Edition (December 16, 2003)(TX-5-875-266)
22. Mechanics of Materials, Sixth Edition (June 19, 2006) (TX-6-368-212)
23. Metal Fatigue in Engineering, Second Edition (February 15, 2001) (TX-5-347-495)
24. Planning and Control of Manufacturing Operations (September 11, 1998) (TX-4-847-580)
25. Principles and Practices of Automatic Process Control, Third Edition (September 16, 2005) (TX-6-232-230)
26. Process Dynamics and Control, Second Edition (December 12, 2003) (TX-5-834-334)
27. Product and Process Design Principles: Synthesis, Analysis and Design, Second Edition (September 4, 2003) (TX-5-786-409)
28. Separation Process Principles (April 28, 1998) (TX-4-761-248)
29. Separation Process Principles, Second Edition (November 22, 2005) (TX-6-275-447)
30. Statics: Analysis and Design of Systems in Equilibrium (February 24, 2005) (TX-6-173-766)
31. Statics and Mechanics of Materials: An Integrated Approach, Second Edition (December 26, 2001) (TX-5-470-962)
32. Theory and Design for Mechanical Measurements, Fourth Edition (November 4, 2005) (TX-6-258-077)
33. Thermal Design and Optimization (January 26, 1996) (TX-4-203-116)
34. Transport Phenomena, Second Edition (October 11, 2001) (TX-5-459-935)
35. Water Resources Engineering, 2005 Edition (December 17, 2004) (TX-6-088-889)

Schedule C
"Cengage Copyrights"

<u>Title</u>      (<u>Date of Registration</u>)     (<u>Registration #</u>)

1. Mechanics of Materials, (January 9, 2004)(TX-5-903-143)
2. Mechanics of Fluids, (August 10, 2001)(TX-5-739-506)

Schedule D
"McGraw-Hill Copyrights"

<u>Title</u>    (<u>Date of Registration</u>)    (<u>Registration #</u>)

1. Thermodynamics: An Engineering Approach (July 25, 2005) (TX-6-204-860)
2. Introduction to Engineering and the Environment (April 18, 2001) (TX-5-378-674)

Schedule E
"Pearson Trademarks"

| U.S. Trademark | Registration Number | Class |
| --- | --- | --- |
| 1. "Pearson" | 2,599,724 | 009, 016, 035, 042 |
| 2. "Pearson" | 2,600,081 | 041 |
| 3. "Pearson" | 2,652,792 | 009, 016 |
| 4. "Pearson" | 2,679,355 | 016 |
| 5. "Pearson" | 2,691,830 | 041 |
| 6. "Pearson" | 2,694,359 | 009 |
| 7. "Prentice-Hall" | 1,332,044 | 016 |
| 8. "Prentice-Hall" | 1,332,639 | 042 |
| 9. "Prentice-Hall" | 1,375,654 | 009 |
| 10. "Addison Wesley" | 2,188,798 | 016 |
| 11. "Addison-Wesley" | 2,400,130 | 016 |
| 12. "Benjamin Cummings" | 2,674,589 | 016 |
| 13. "Benjamin Cummings" | 2,671,773 | 041 |
| 14. "Benjamin Cummings" | 2,671,772 | 041 |
| 15. "Benjamin Cummings" | 2,621,299 | 016 |
| 16. "Benjamin Cummings" | 1,189,279 | 016 |

Schedule F
"Wiley Trademarks"

|    | U.S. Trademark | Registration Number | Class |
|----|----------------|---------------------|-------|
| 1. | "JW" Colophon  | 2,168,941           | 009, 042 |
| 2. | "Wiley"        | 1,003,988           | 009, 016, 036, 038 |
| 3. | "Wiley"        | 2,159,987           | 009, 042 |

Schedule G
"McGraw-Hill Trademarks"

| U.S. Trademark | Registration Number | Class |
| --- | --- | --- |
| 1. "McGraw-Hill" | 1,350,345 | 16 |
| 2. "McGraw-Hill" | 2,899,528 | 16, 41 |
| 3. "The McGraw-Hill Companies" | 3,103,212 | 9,16,35,36,37,38,39,40,41,42 |
| 4. "Irwin" | 1,718,118 | 16 |